WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jerome Mason,

        Petitioner,

    v.

Dora B. Schriro, et al.,

        Respondents.

CV 08-1970-PHX-PGR (JRI)

**ORDER**

**NON-DEATH PENALTY**

Currently before the Court is the Report and Recommendation of Magistrate Judge Irwin (Doc. 13) based on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.[1] Having reviewed *de novo* the Petition, the Report and Recommendation of Magistrate Judge Irwin, and the Petitioner's objections thereto,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation **(Doc. 13)** is **ACCEPTED** and **ADOPTED** by the Court.

IT IS FURTHER ORDERED that the portion of Ground One based on trial counsel's

---

[1] Petitioner challenges his state court conviction of first degree murder, burglary in the first degree, and endangerment. (Doc. 1.) On February 27, 1998, Petitioner engaged in a verbal argument with the victim at a motel in Phoenix, Arizona. The victim retired to his motel room with a woman. Petitioner followed the victim, kicked down the door fired a number of shots at the victim, killing him. Petitioner was arrested in 2001 in Milford, Connecticut. Petitioner proceeded to a jury trial in April, 2002, and was convicted of first degree murder, burglary in the first degree, and endangerment. Petitioner was sentenced to concurrent sentences of: (a) life without possibility of parole for 25 years, (b) 10.5 years, and (c) 2.25 years.

failure to submit an affidavit by Petitioner's passenger and all of Ground Three (actual innocence) of the Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.[2]

IT IS FURTHER ORDERED that the remainder of Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** is **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 8th day of February, 2010.

Paul G. Rosenblatt
United States District Judge

---

[2] This Court agrees with Magistrate Judge Irwin's finding that the portion of Ground One based on trial counsel's failure to submit an affidavit by Petitioner's passenger and all of Ground Three (actual innocence) are *without merit* for the reason set forth in the Report and Recommendation. The remainder of Petitioner's grounds for relief are unexhausted or procedurally defaulted and Petitioner has failed to show cause and prejudice or actual innocence to excuse that default. Accordingly, denial with prejudice is warranted.